Benjamin M. Lopatin, Esq.
Cal. Bar No.: 281730
*lopatin@hwrlawoffice.com*
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.
One Embarcadero Center
Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

*Attorney for Plaintiff Garrett Koehler*
*and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **GARRETT KOEHLER,** as an individual, and on behalf of all others similarly situated, | Civil No.: 12-cv-4055-SI<br>HON. JUDGE SUSAN ILLSTON |
| *Plaintiff,* | **THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. Violations of Cal. Bus. & Prof. C. §§ 17200, *et seq.*<br>2. Violations of Cal. Bus. & Prof. C. §§ 17500, *et seq.*<br>3. Violations of Cal. Civ. C. §§ 1750, *et seq.*<br>4. Breach of Express Warranty<br>5. Negligent Misrepresentation |
| *vs.* | |
| **LITEHOUSE, INC.,** an Idaho corporation, | *California Class Representation* |
| *Defendant.* | *Jury Trial Requested* |

Plaintiff, GARRETT KOEHLER, by and through his undersigned counsel, hereby files this Third Amended Class Action Complaint, individually, and on behalf of all others similarly situated in the State of California, against Defendant, LITEHOUSE, INC. ("LITEHOUSE" or "Defendant"), by alleging as follows:

# I. <u>INTRODUCTION</u>

1.      On December 20, 2012, Plaintiff filed a Second Amended Class Action Complaint [DE 37], pursuant to the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, dated December 13, 2012 [DE 36] ("Order").

2.      Pursuant to *Federal Rule of Civil Procedure* 15(a)(2), a Plaintiff may amend its pleading with an opposing party's written consent.  On December 27, 2012, counsel for Plaintiff and Defendant conferred in writing, and Defendant consented in writing to Plaintiff filing a Third Amended Complaint.  Therefore, Plaintiff is filing this Third Amended Class Action Complaint, pursuant to *Federal Rule of Civil Procedure* 15(a)(2).

3.      LITEHOUSE manufactures, markets, advertises, distributes and sells a salad dressing known as "Bleu Cheese Yogurt Dressing with Probiotics" (the "Product").

4.      LITEHOUSE makes erroneous and false material claims that are misleading to reasonable consumers on the front and rear labeling of the Product; specifically, LITEHOUSE claims on the front of the Product's labeling that the Product "MAY BOOST IMMUNITY," and on the rear labeling that the Product "May enhance the body's immune system" (the "Statements").

5.      Plaintiff has preliminarily retained an expert, Dr. Kent Carson, M.D., in order to conduct a good faith and reasonably inquiry into the veracity of LITEHOUSE's Statements.

6.      All allegations herein are based on information and belief and/or are likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

# II. <u>JURISDICTION AND VENUE</u>

7.      This Court has jurisdiction over the subject matter presented by this Third Amended Complaint because it is a class action arising under the Class Action Fairness Act of

2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which any member of the plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs.

8.      Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).  As set forth below, Plaintiff is a citizen of California, and LITEHOUSE can be considered a citizen of Idaho. Therefore, diversity of citizenship exists under CAFA, as required by 28 U.S.C. § 1332(d)(2)(A).

9.      Furthermore, Plaintiff alleges on information and belief that more than two-thirds of all of the members of the proposed Plaintiff Class in the aggregate are citizens of a state other than California, where this action is originally being filed, and that the total number of members of the proposed Plaintiff Class is greater than one hundred (100), pursuant to 28 U.S.C. § 1332(d)(5)(B).

10.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because Defendant conducts business in, and may be found in, this district, and Plaintiff purchased the subject product of this action in this judicial district. The "Declaration of Benjamin M. Lopatin, Esq., Pursuant to Civil Code §1780(c) of the Consumer Legal Remedies Act, Civil Code §§ 1750 *et seq.*" regarding venue under the California Consumer Legal Remedies Act ("CLRA") was filed on August 1, 2012 [DE 4], and is incorporated herein by reference.

### III. <u>PARTIES</u>

11.      Plaintiff is an individual greater than 18 years old, is a citizen of San Francisco County, California.  Plaintiff respectfully requests a jury trial on damage claims.

12.     Plaintiff purchased and consumed the subject product of this action, "Litehouse Bleu Cheese Yogurt Dressing with Probiotics" (the "Product") during April 2012, from a Safeway supermarket located at 2020 Market Street, San Francisco, California 94114, for approximately $3.00, in reliance upon the deceptive and fraudulent representations made by LITEHOUSE, which Mr. Koehler read and relied upon and which were material to Mr. Koehler's decision to purchase the Product because having a healthy immune system is important to Mr. Koehler, as it is with many members of the Class in the State of California.

13.     Specifically, LITEHOUSE falsely claims on the front of the Product's packaging and labeling that the Product "MAY BOOST IMMUNITY," and on the rear labeling that the Product "May enhance the body's immune system" (the "Statements").  Plaintiff purchased the Product believing it may boost immunity and may enhance his body's immune system.

14.     In purchasing the Product, Mr. Koehler read and relied on the labeling and advertising displayed on the packaging; specifically, the Statements, which are likely to deceive reasonable consumers because the Statements are untrue.

15.      Such statements were material to Plaintiff as he would not have purchased the Product at the price he did if he had known the statements to be untrue.

16.     Such a decision was reasonable, given Defendant's reputation as a reliable and trustworthy company in the marketplace.

17.     Plaintiff has been damaged by his purchase of the Product because the labeling and advertising for the Product was and is untrue and/or misleading under California law.

18.     Plaintiff consumed the Product according to the directions on the Product's label, but stopped using it because the Product failed to provide a boost to his immunity and failed to enhance his body's immune system.

19.     LITEHOUSE is a corporation organized and existing under the laws of the State of Idaho.  LITEHOUSE lists with the California Secretary of State a principal place of business as PO Box 1969, Sandpoint, Idaho 83864, and a registered agent for service of process as Phillip L. Currie, located at 6310 Greenwich Drive, Suite 120, San Diego, California 92122.  Directly and through its agents, LITEHOUSE has substantial contacts with, and receives benefits and income from and through, the State of California.

20.     For purposes of diversity jurisdiction, LITEHOUSE can be considered a citizen of the State of Idaho.

21.     The false claims made by LITEHOUSE in promotion of the Product, read and relied upon by Mr. Koehler, were prepared and/or approved by LITEHOUSE and its agents, and was disseminated by LITEHOUSE and its agents through labeling and advertising containing the misrepresentations alleged herein. The labeling and advertising for the Product was designed to encourage consumers to purchase the Product, and in fact, did, as Plaintiff and the Class relied upon the Product's statement in purchasing it.

22.     LITEHOUSE is the owner, manufacturer and distributor of the Product, and is the company that created and/or authorized the false, misleading and deceptive labeling and advertising for the Product.

23.     Plaintiff alleges that, at all times relevant herein, LITEHOUSE and its subsidiaries, affiliates, and other related entities, as well as their respective employees, were the agents, servants and employees of LITEHOUSE, and at all times relevant herein, each was acting within the purpose and scope of that agency and employment.

24.     Plaintiff further alleges on information and belief that at all times relevant herein, the distributors and retailers who delivered and sold the Product, as well as their respective

employees, also were LITEHOUSE's agents, servants and employees, and at all times herein, each was acting within the purpose and scope of that agency and employment.

25. Additionally, Plaintiff alleges that, in committing the wrongful acts alleged herein, LITEHOUSE, in concert with its subsidiaries, affiliates, and/or other related entities and their respective employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Product by means of false, misleading, deceptive and fraudulent representations, and that LITEHOUSE participated in the making of such representations in that it disseminated those misrepresentations and/or caused them to be disseminated.

26. Whenever reference in this Third Amended Complaint is made to any act by LITEHOUSE or its subsidiaries, affiliates, distributors, retailers and other related entities, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of LITEHOUSE committed, knew of, performed, authorized, ratified and/or directed that act or transaction on behalf of LITEHOUSE while actively engaged in the scope of their duties.

## IV. FACTUAL ALLEGATIONS

27. LITEHOUSE's advertising of the Product conveyed a single, consistent false and misleading message to consumers.

28. LITEHOUSE has made, and continues to make misleading statements in its advertising and packaging of the Product. According to LITEHOUSE's uniform and consistent Statements, use of the Product may enhance the body's immune system and may boost immunity.

29.     These Statements are false, misleading, and likely to deceive a reasonable consumer.

30.     Through a variety of advertising methods, including but not limited to the packaging and labeling of the Product, LITEHOUSE made false representations regarding the benefits of the Product.

31.     These consistent and uniform material Statements are false and misleading to a reasonable consumer. LITEHOUSE's labeling and advertisements convey a series of express and implied claims which they know are material to the reasonable consumer and which they intend for consumers to rely upon when choosing to purchase the Product.  LITEHOUSE's labeling and advertising was uniform and would be considered material to the average consumer.

32.     LITEHOUSE's claims that the Product may boost immunity and may enhance the body's immune system are false and unfair deceptive statements because they are likely to deceive reasonable consumers, like Plaintiff and members of the Class.

33.     LITEHOUSE knows or should know that the Product does not provide the immune boosting qualities that it purports to offer.

34.     Plaintiff therefore brings this class action to secure, among other things, equitable relief and actual damages for the Class against LITEHOUSE for false and misleading advertising in violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.*; California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 *et seq.*; California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, along with damages arising from common law counts of breach of express warranty and negligent misrepresentation.

35.    Furthermore, on December 13, 2012, this Court found that the inclusion of the word "may" — when describing the purported benefits offered to purchasers of the Product — "indicates a possibility or probability that . . . it will boost their immunity or enhance their body's immune system."  Order, at 5.

36.    LITEHOUSE's advertising is untrue because the Product may not boost immunity and may not enhance the body's immune system.

37.    LITEHOUSE's Product sales were based upon these false promise and misleading advertisements that targeted vulnerable consumers hoping to enhance immunity or boost their immune system, which caused, and continues to cause, consumers to pay a price premium for the Product they would not otherwise have paid or pay.

38.    Plaintiff and other purchasers of the Product have suffered injury in fact and have lost money as a result of LITEHOUSE's false misrepresentations.

39.    Plaintiff and members of the Class purchased the Product because of the claims that the Product enhances the body's immune system and boosts immunity, and would not have purchased the Product if he had known that this advertising was false.

40.    LITEHOUSE's claims for the Product led reasonable consumers, including Plaintiff and the putative class, to believe that the ingredients contained in the Product may have the tangible result of helping to support their immune system or may boost their immunity.  This is false, deceptive, and in violation of California law.

41.    As a result of LITEHOUSE's misleading claims for the Product, reasonable consumers were led to believe that ingesting the Product may result in benefits to their immune system.

42.     Upon information and belief, during the course of its false, misleading, and deceptive advertising campaign LITEHOUSE has sold many thousands of units of the Product based upon LITEHOUSE's false promises.

43.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of LITEHOUSE's false representations.   The Product, as purchased by the Plaintiff and the Class, was and is unsatisfactory and worth less that the amount paid for it. Plaintiff would not have purchased the Product, but for LITEHOUSE's representations, that use of the Product may enhance the body's immune system and may boost immunity.

44.     Through the conduct described herein, LITEHOUSE has received money belonging to Plaintiff and the Class through the sale of the Product.

45.     As a result of the misleading representations detailed above, LITEHOUSE was able to charge a price premium for the Product, compared with similar beverages that did not make such claims. For example:

    a.   On October 11, 2012, at *www.shoprite.com*:

        i.   The Product, a 12-ounce bottle is selling for $2.99

        **ii.   <u>$.25/ounce</u>**

    b.   In comparison, on October 11, 2012, at *www.shoprite.com*:

        i.   Wish-Bone blue cheese dressing, a 16-ounce bottle is selling for $2.50

        **ii.   <u>$.16/ounce</u>**

46.     The Product and Wish-Bone blue cheese dressing are similar products. However, Wish-Bone sells for significantly less, and it does not claim that it may boost immunity or may enhance the immune system.

47.     Therefore, LITEHOUSE has reaped substantial profit by misrepresenting the facts regarding the Product.

48.     LITEHOUSE has benefited from the receipt of such money that it would not have received but for LITEHOUSE's misrepresentations and/or omissions.

### V. CLASS ACTION ALLEGATIONS

49.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Third Amended Class Action Complaint.

50.     Pursuant to Cal. Civ. Code § 1781, Cal. Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of a Class defined as

> **all California persons who have purchased the Product for personal use during the period extending from August 1, 2008 through and to the filing date of this Third Amended Complaint.**

51.     Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.   In addition, excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's endorsement of the Products.

52.     Defendant's practices and omissions were applied uniformly to all members of the Class, including any subclass arising out of the California statutory claims alleged herein, so that the questions of law and fact are common to all members of the Class and any subclass.

53.     All members of the Class and any subclass were and are similarly affected by the deceptive labeling of the Product, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

54.     Based on the annual sales of the Product and the popularity of the Product, it is apparent that the number of consumers in both the Class and any subclass is so large as to make joinder impractical, if not impossible.

55.     Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, *inter alia*:

a.  Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17200 *et seq.*;

b.  Whether Defendant's practices and representations related to the marketing, labeling and sales of the Product in California were unfair, deceptive and/or unlawful in any respect, thereby violating Cal. Bus. & Prof. Code §§ 17500 *et seq.*;

c.  Whether Defendant violated Cal. Civ. Code §§ 1750 *et seq.* with its practices and representations related to the marketing, labeling and sales of the Product within California;

d.  Whether Defendant's conduct related to the marketing, labeling and sales of the Product in California breached express warranties with regard to the Product;

e.   Whether Defendant's conduct related to the marketing, labeling and sales of the Product in California constituted negligent misrepresentation with regard to the Product; and

f.   Whether Defendant's conduct as set forth above injured California purchasers of the Product, and if so, the extent of the injury.

56.   The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

57.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.  Plaintiff has retained counsel competent and experienced in both consumer protection and class action litigation.

58.   Certification of this class action is appropriate under Cal. Civ. Code §1781, Cal. Code of Civil Procedure § 382 and Federal Rule of Civil Procedure 23 because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members.

59.   This predominance makes class litigation superior to any other method available for the fair and efficient adjudication of these claims.   Absent a class action, it would be highly unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the cost of litigation through individual lawsuits might exceed expected recovery.

60.     Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.

61.     Further, given the large number of consumers of the Product, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.  A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

### VI. FIRST CAUSE OF ACTION:
### VIOLATIONS OF CAL. BUS & PROF. CODE §§ 17200 *ET SEQ.*

62.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Third Amended Class Action Complaint.

63.     LITEHOUSE has made, and continues to make, false and misleading statements in its advertising, labeling, and packaging of the Product.  According to LITEHOUSE's uniform and consistent claims, use of the Product may enhance the body's immune system and may boost immunity.  Specifically, LITEHOUSE claims on the front of the Product's labeling that the Product "MAY BOOST IMMUNITY," and on the rear labeling that the Product "May enhance the body's immune system."  These claims are false, unfair, deceptive, and misleading

to a reasonable consumer, like Plaintiff and members of the Class, because the Product does not enhance the immune system or boost immunity.

64.     Defendant's labeling and advertisements convey a series of express and implied claims which they know are material to the reasonable consumer and which they intend for consumers to rely upon when choosing to purchase the Product.   Defendant's labeling and advertising was uniform and would be considered material to the average consumer.

65.     Plaintiff and members of the class purchased the Product believing it may boost immunity and may enhance their immune system.   However, this is false, misleading, and as a result, Defendant has deceived reasonable consumers like Plaintiff and members of the Class.

66.     This cause of action is brought on behalf of Plaintiff and members of the general public pursuant to Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

67.     Plaintiff alleges that Defendant committed unfair business acts and/or practices, as set forth in detail above. The utility of Defendant's practices related to the deceptive labeling and advertising of the Product is negligible, if any, when weighed against the harm to the general public.

68.     The harmful impact upon members of the general public that purchased and used the Product outweighs any reasons or justifications by Defendant for the deceptive labeling and advertising practices employed to sell the Product that misleadingly claims to enhance the immune system or boost immunity.

69.     Defendant had an improper motive (profit before accurate marketing) in its practices related to the deceptive labeling and advertising of the Product, as set forth above.

70.     The use of such unfair business acts and practices was and is under the sole control of Defendant, and was deceptively hidden from members of the general public in Defendant's marketing, advertising and labeling of the Product.

71.     Defendant committed a deceptive act or practice by making the labeling and advertising representations set forth in detail above. These deceptive acts and practices had a capacity, tendency, and/or were likely to deceive or confuse reasonable consumers.

72.     Defendant also committed an unlawful business practice by violating the FAL and CLRA as set forth in detail below. These violations serve as predicate violations of this prong of the UCL.

73.     As a purchaser and consumer of Defendant's Product, and as a member of the general public who purchased and used the Product, Plaintiff is entitled to and does bring this class action seeking all available remedies under the UCL.

74.     Defendant's labeling and advertising practices, as set forth above, were intended to promote the sale of the Product and constitute unfair, deceptive and/or unlawful business practices within the meaning of California Bus. & Prof. Code §§ 17200 *et seq.*

75.     Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself and members of the general public, seeks an order of this Court requiring Defendant to restore to Plaintiff and other purchasers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

76.     Plaintiff and purchasers of the Product will be denied an effective and complete remedy in the absence of such an order.  As a result of Defendant's violations of the UCL,

Plaintiff and purchasers of the Product are entitled to restitution for out-of-pocket expenses and economic harm. Pursuant to Civil Code § 3287(a), Plaintiff and purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

77.     The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and purchasers of the Product are entitled to interest in an amount according to proof.

### VII. SECOND CAUSE OF ACTION:
### VIOLATIONS OF CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ.*

78.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Third Amended Class Action Complaint.

79.     LITEHOUSE has made, and continues to make, false and misleading statements in its advertising, labeling, and packaging of the Product.  According to LITEHOUSE's uniform and consistent claims, use of the Product may enhance the body's immune system and may boost immunity.  Specifically, LITEHOUSE claims on the front of the Product's labeling that the Product "MAY BOOST IMMUNITY," and on the rear labeling that the Product "May enhance the body's immune system."  These claims are false, unfair, deceptive, and misleading to a reasonable consumer, like Plaintiff and members of the Class, because the Product does not enhance the immune system or boost immunity.

80.     Defendant's labeling and advertisements convey a series of express and implied claims which they know are material to the reasonable consumer and which they intend for consumers to rely upon when choosing to purchase the Product.  Defendant's labeling and advertising was uniform and would be considered material to the average consumer.

81.   Plaintiff and members of the class purchased the Product believing it may boost immunity and may enhance their immune system.  However, this is false, misleading, and as a result, Defendant has deceived reasonable consumers like Plaintiff and members of the Class.

82.   Defendant's labeling and advertising representations for the Product are by their very nature unfair, deceptive and/or unlawful within the meaning of California Bus. & Prof. Code §§ 17500 *et seq*. The representations were likely to deceive reasonable consumers.

83.   In making and disseminating the deceptive representations alleged herein, Defendant knew or should have known that the representations were misleading, thereby acting in violation of California's Bus. & Prof. Code §§ 17500 *et seq.*

84.   As a direct and proximate result of Defendant's wrongful conduct, Plaintiff and purchasers of the Product have suffered substantial monetary and non-monetary damage.

85.   Pursuant to Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and other purchasers of the Product, seeks an order of this Court requiring Defendant to restore to purchasers of the Product all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful acts or practices.

86.   As a result of Defendant's violations of the FAL, Plaintiff and purchasers of the Product are entitled to restitution for out-of-pocket expenses and economic harm.

87.   Pursuant to Civil Code § 3287(a), Plaintiff and purchasers of the Product are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct.

88.   The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and purchasers of the Product are entitled to interest in an amount according to proof.

**VIII. THIRD CAUSE OF ACTION:**
**FOR VIOLATIONS OF CAL. CIV. CODE §§ 1750 *ET SEQ.***

89.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Third Amended Class Action Complaint.

90.     Defendant disseminated, or caused to be disseminated, deceptive Product labeling and advertising representations.

91.     Defendant's labeling and advertisements convey a series of express and implied claims which they know are material to the reasonable consumer and which they intend for consumers to rely upon when choosing to purchase the Product.  Defendant's labeling and advertising was uniform and would be considered material to the average consumer.

92.     Plaintiff and members of the class purchased the Product believing it may boost immunity and may enhance their immune system.  However, this is false, misleading, and as a result, Defendant has deceived reasonable consumers like Plaintiff and members of the Class.

93.     LITEHOUSE has made, and continues to make, false and misleading statements in its advertising, labeling, and packaging of the Product.  According to LITEHOUSE's uniform and consistent claims, use of the Product may enhance the body's immune system and may boost immunity.  Specifically, LITEHOUSE claims on the front of the Product's labeling that the Product "MAY BOOST IMMUNITY," and on the rear labeling that the Product "May enhance the body's immune system."  These claims are false, unfair, deceptive, and misleading to a reasonable consumer, like Plaintiff and members of the Class, because the Product does not enhance the immune system or boost immunity.

94.     This cause of action is brought pursuant to Cal. Civ. Code §§ 1750 *et seq.*

95.     Plaintiff and each California purchaser of the Product are "consumers" within the meaning of Civil Code §1761(d).

96.     The purchases of the Product by Plaintiff and California purchasers of the Product were and are "transactions" within the meaning of Civil Code §1761(e).

97.     Defendant's marketing, labeling and advertising and sales of the Product within California violated the CLRA in at least the following respects:

     a.     In violation of Civil Code §1770(a)(5), LITEHOUSE represented that the Product has characteristics, ingredients, uses, and benefits which it does not have; and

     b.     In violation of Civil Code §1770(a)(7), LITEHOUSE represented that the Product is of a particular standard, quality, or grade, which it is not.

     c.     In violation of Civil Code §1770(a)(9), LITEHOUSE advertised the Product with an intent not to sell the Product as advertised;

     d.     In violation of Civil Code §1770(a)(14), LITEHOUSE represented that the purchase of the Product confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

     e.     In violation of Civil Code §1770(a)(16), LITEHOUSE represented that the subject of the sale of the Product has been supplied in accordance with a previous representation when it has not.

98.     Plaintiff seeks and is entitled to equitable relief in the form of an order requiring Defendant to make full restitution to California purchasers of the Product of all monies wrongfully obtained as a result of the conduct described above.

99.     Plaintiff, on May 11, 2012, by and through counsel, notified Defendant in writing of the particular violations of Section 1770 of the CLRA, and demanded that it take certain corrective actions within the period prescribed by the CLRA for such demands.

100.     However, Defendant failed to adequately respond to the demands for corrective action within the time prescribed by the CLRA.

101.     Therefore, Plaintiff requests statutory and actual damages, as well as punitive damages, interest and attorneys' fees as authorized by Section 1780(a) of the CLRA.

102.     In addition to an award of damages, Plaintiff seeks and is entitled to, pursuant to Section 1780(a)(2) of the CLRA, an order for the equitable relief described above, as well as costs, attorney's fees and any other relief which the Court deems proper.

## IX. FOURTH CAUSE OF ACTION:
## BREACH OF EXPRESS WARRANTY

103.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Third Amended Class Action Complaint.

104.     Defendant disseminated, or caused to be disseminated, deceptive Product labeling and advertising representations that resulted in the breach of express warranties. Specifically, LITEHOUSE untruthfully claims on the front of the Product's labeling that the Product "MAY BOOST IMMUNITY," and on the rear labeling that the Product "May enhance the body's immune system."

105.     Defendant's labeling and advertisements convey a series of express and implied claims which they know are material to the reasonable consumer and which they intend for consumers to rely upon when choosing to purchase the Product—that the Product may boost

immunity and may enhance the immune system.  Defendant's labeling and advertising was uniform and would be considered material to the average consumer.

106.    Plaintiff and members of the class purchased the Product believing it may boost immunity and may enhance their immune system.  However, this is false, misleading, and as a result, Defendant has deceived reasonable consumers like Plaintiff and members of the Class.

107.    LITEHOUSE has made, and continues to make, false and misleading statements in its advertising, labeling, and packaging of the Product.  According to LITEHOUSE's uniform and consistent claims, use of the Product may enhance the body's immune system and may boost immunity.

108.    Plaintiff, and each member of the Class, formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased the Product.

109.    The terms of that contract include the promises and affirmations of fact made by Defendant on its Product labels and in the marketing of the Product that misleadingly claim that it may enhance the immune system and may boost immunity.

110.    These promises and affirmations of fact constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendant on the other.

111.    All conditions precedent to Defendant's liability under this contract, including notice, has been performed by Plaintiff and the Class.

112.    Defendant breached the terms of this contract, including the express warranties, with Plaintiff and the Class by failing to provide a product with the promised benefits described above.

113.     As a result of Defendant's breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Product at issue.

## X. FIFTH CAUSE OF ACTION:
### NEGLIGENT MISREPRESENTATION

114.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all preceding paragraphs of this Third Amended Class Action Complaint.

115.     Defendant disseminated, or caused to be disseminated, deceptive Product labeling and advertising representations.

116.     Defendant's labeling and advertisements convey a series of express and implied claims which they know are material to the reasonable consumer and which they intend for consumers to rely upon when choosing to purchase the Product.   Defendant's labeling and advertising was uniform and would be considered material to the average consumer.

117.     Plaintiff and members of the class purchased the Product believing it may boost immunity and may enhance their immune system.   However, this is false, misleading, and as a result, Defendant has committed misrepresentations to reasonable consumers like Plaintiff and members of the Class.

118.     LITEHOUSE has made, and continues to make, false and misleading statements in its advertising, labeling, and packaging of the Product.   According to LITEHOUSE's uniform and consistent claims, use of the Product may enhance the body's immune system and may boost immunity.   Specifically, LITEHOUSE claims on the front of the Product's labeling that the Product "MAY BOOST IMMUNITY," and on the rear labeling that the Product "May enhance the body's immune system."   These claims are false, unfair, deceptive, and misleading

to a reasonable consumer, like Plaintiff and members of the Class, because the Product does not enhance the immune system or boost immunity.

119.    Defendant had no reasonable grounds for believing its representations were true.

120.    Defendant should have known, or had a duty to learn, about the true facts that contradicted its representations.  In making these representations to Plaintiff and the Class, Defendant should have known that they would induce Plaintiff and the Class to purchase the Product based on the aforementioned representations.

121.    At all times herein, Plaintiff and the Class were unaware of the falsity of Defendant's statements.

122.    Plaintiff and the Class reasonably acted in response to the statements made by Defendant when they purchased the Product.

123.    As a proximate result of Defendant's negligent misrepresentations, Plaintiff and Class members purchased the Product without knowing the truth about it.

124.    As a result, Plaintiff and the Class have been damaged, and therefore request damages, as may be warranted and determined at trial.

## XI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff, Garrett Koehler, individually, and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Third Amended Class Action Complaint as follows:

1.    For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating his attorneys Class counsel.

2.    For an award of equitable relief as follows:

(a)     Enjoining Defendant from making any claims for the Products found to violate the UCL, FAL, or CLRA as set forth above; and

(b)     Requiring Defendant to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Third Amended Complaint.

3.     For an award of attorney's fees pursuant to, *inter alia*, § 1780(d) of the CLRA and California Code of Civil Procedure § 1021.5.

4.     For actual damages in an amount to be determined at trial.

5.     For actual, statutory, and punitive damages as may be provided for by statute under the Third Cause of Action for violations of the CLRA, because the demanded corrections failed to take place within the statutory notice period.

6.     For an award of costs and any other award the Court might deem appropriate; and

7.     For pre- and post-judgment interest on any amounts awarded**.**

## XII. <u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury on all issues so triable.

**Respectfully Submitted,**

**THE LAW OFFICES OF HOWARD W. RUBINSTEIN, P.A.**

**Dated: <u>December 28, 2012</u>**     By: <u>/s/     Benjamin M. Lopatin</u>
                Benjamin M. Lopatin, Esq. (SBN: 281730)
*lopatin@hwrlawoffice.com*
One Embarcadero Center, Suite 500
San Francisco, CA 94111
(800) 436-6437
(415) 692-6607 (fax)

*Attorney for Plaintiff Garrett Koehler*
*and the Proposed Class*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this 28th day of December, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified below by transmission of Notices of Electronic Filing generated by CM/ECF.


                                /s/  Benjamin M. Lopatin
                                Benjamin M. Lopatin, Esq.

### SERVICE LIST

Hayes F. Michel (SBN 141841)
hmichel@bakerlaw.com
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90025
Telephone:  310.820.8800
Facsimile:   310.820.8859

Joanne Lichtman (SBN 137300)
jlichtman@bakerlaw.com
Nicole A. Skolout (SBN 276726)
nskolout@bakerlaw.com
BAKER & HOSTETLER LLP
555 South Flower St,, Suite 4200
Los Angeles, CA  90071
Telephone:  310.820.8800
Facsimile:   310.820.8859

Attorneys for Defendant
LITEHOUSE, INC.